NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONNELLE WEAR, <br><br> Plaintiff-Appellant, <br><br> and <br><br> HEATHER BLANCHARD, as guardian ad litem for her minor child I.C.W., successor-in-interest to Joseph Alan Wear, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF LOS ANGELES; ADRIAN DE CASAS, Deputy Sheriff; JONATHAN PAWLUK, Deputy Sheriff; UNITED STATES OF AMERICA; CESAR GUERRO JAVIER ECHEVARRIA, United States Postal Service Postal Inspector/Police Officer; JOSEPH PAVON, United States Postal Service Postal Inspector/Police Officer; F. TALABI, United States Postal Service Postal Inspector/Police Officer, <br><br> Defendants-Appellees. | No. 22-55895 <br><br> D.C. Nos. <br> 8:19-cv-02438-JVS-DFM <br> 8:20-cv-00459-JVS-DFM <br> 8:21-cv-00937-JVS-DFM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted February 15, 2024
Pasadena, California

Before: BOGGS,[**] NGUYEN, and LEE, Circuit Judges.

Donnelle Wear ("Wear") appeals the district court's grant of summary judgment in favor of Defendants on her 42 U.S.C. § 1983 substantive due process claim for interference with familial relationship based on the death of her son, Joseph Wear ("Joseph").[1] We review a grant of summary judgment de novo. *Ochoa v. City of Mesa*, 26 F.4th 1050, 1055 (9th Cir. 2022). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Wear argues that the "deliberate indifference" standard, rather than the "purpose to harm" standard, applies to the officers' actions. However, when the facts show an "evolving set of circumstances" taking place over a short period of time, necessitating "fast action" and "repeated split-second decisions," we apply the "purpose to harm" standard to determine if an officer's actions shock the conscience. *Porter v. Osborn*, 546 F.3d 1131, 1139 (9th Cir. 2008).

---

[**] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] The district court granted summary judgment on Wear's Fourteenth Amendment claims, but denied summary judgment on the Fourth Amendment excessive force claims and the state law claims against Deputy Pawluk. Those claims will proceed to trial and are not before us.

Here, we apply the "purpose to harm" standard because there was no "opportunity for actual deliberation." *Id.* at 1138. Deputies Pawluk and De Casas arrived at a chaotic scene near an elementary school when postal officers were unsuccessfully attempting to detain Joseph. Deputy Pawluk immediately went to assist, and it took several minutes for him to handcuff Joseph, who continued to struggle during the entire incident. Accordingly, the district court properly applied the "purpose to harm" standard.

2. Wear argues that even under the "purpose to harm" standard, a genuine issue of material fact exists as to whether Deputy Pawluk intended to harm Joseph by kneeling on his back unnecessarily or longer than necessary to effectuate arrest.

After Deputy Pawluk successfully handcuffed Joseph and realized that Joseph was unresponsive, Deputy Pawluk immediately turned him over and began chest compressions. The entire incident with Deputy Pawluk lasted only a few minutes, according to witnesses at the scene.[2] We agree with the district court that there is no evidence of a purpose to harm that is unrelated to the "legitimate object of arrest." *Porter*, 546 F.3d at 1140; *Ochoa*, 26 F.4th at 1057.

_____

[2] Wear points to the statement of witness Mario Palacios who stated that the incident lasted 15 to 20 minutes. But as Palacios himself clarified in his deposition, the "15 to 20 minutes that [he] referenced earlier was in reference to the whole incident from the time it started," not solely after Deputy Pawluk arrived on the scene. Therefore, there is no genuine issue of material fact as to the duration of Deputy Pawluk's involvement in attempting to handcuff Joseph.

3. Finally, Wear argues that there is a genuine issue of material fact as to whether Deputy De Casas acted with purpose to harm. Deputy De Casas's role was "controlling the crowd." Wear presents no evidence that Deputy De Casas saw Joseph struggling or was even aware that Deputy Pawluk's knee was on Joseph's back. Because Deputy De Casas had no "realistic opportunity" to intervene, the district court properly granted summary judgment in his favor. *See Cunningham v. Gates*, 229 F.3d 1271, 1290 (9th Cir. 2000), *as amended* (Oct. 31, 2000) ("Moreover, the undisputed evidence shows that the non-shooting officers who were present at the shootouts had no 'realistic opportunity' to intercede.").

**AFFIRMED**.